IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| DARREN LAVON SMILEY, # 186951, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CASE NO. 2:18-CV-728-WKW [WO] |
| JEANNIE GIBSON, in her official capacity, | ) ) ) ) | |
| Defendant. | ) | |

## ORDER

Before the court is Plaintiff Darren Lavon Smiley's *pro se* motion for a temporary restraining order ("TRO"). (Doc. # 6.) The motion is due to be denied.

In this lawsuit, filed in August 2018, Plaintiff, an inmate at Donaldson Correctional Facility ("DCF"), sues Jeannie Gibson in her official capacity as the circuit clerk of Crenshaw County, Alabama. He contends that he deposited legal documents in the prison's mail system for delivery to the Crenshaw County clerk's office for docketing in his pending state-court case and that Ms. Gibson committed a "breach of duty" by failing to enter a default judgment in his favor after receiving the legal documents. (Doc. # 1, at 2.) He moves this court to require Ms. Gibson to enter default judgment in his favor and requests $100,000 in damages. Presently, Plaintiff has filed a motion for a TRO on a different matter; he argues that individuals employed by DCF have threatened him with serious bodily harm and with

destruction of his legal documents if he does not "drop" this federal lawsuit. (Doc. # 6, at 1.) In his TRO motion, Plaintiff requests a transfer to the Crenshaw County Detention Center and that he "be allowed to keep his legal work documents on his being." (Doc. # 6, at 1.)

> A temporary restraining order may be issued without notice only if
>
> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1)(A)–(B). Additionally, the elements that apply to a motion for preliminary injunction also govern the issuance of a TRO. *See Parker v. State Bd. of Pardons & Paroles*, 275 F.3d 1032, 1034–35 (11th Cir. 2001). These four elements are "(1) a substantial likelihood of success on the merits, (2) a threat of irreparable injury, (3) that [the movant's] own injury would outweigh the injury to the nonmovant, and (4) that the injunction would not disserve the public interest." *Tefel v. Reno*, 180 F.3d 1286, 1295 (11th Cir. 1999). The movant bears the burden of establishing entitlement to a temporary restraining order. *See Parker*, 275 F.3d at 1034.

To the extent that Plaintiff seeks an *ex parte* TRO, he fails to satisfy the requirements of Rule 65(b). First, the allegations of retaliation are not sworn or verified. *See* Fed. R. Civ. P. 65(b)(1)(A). Second, they are conclusory. Plaintiff

2

has not identified any prison employee, by name or description, who made the alleged threats, and he has not indicated the time frame of the alleged threats. Overall, the record is bereft of "specific facts" that rise to the level of "immediate and irreparable injury." *Id.* Third, there is no written certification of Plaintiff's efforts to provide notice to the offending individuals. Fed. R. Civ. P. 65(b)(1)(B); *see also Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Cty.*, 415 U.S. 423, 438–39 (1974) ("The stringent restrictions imposed . . . by Rule 65, on the availability of ex parte temporary restraining orders reflect the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute." (internal footnote omitted)).

In addition to these procedural shortcomings, there are at least five other legal impediments to granting a TRO. First, a court cannot restrain or enjoin individuals who are not parties to the suit pending before it. *See Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100, 110 (1969). The sole defendant is the circuit clerk of Crenshaw County. The unidentified prison officials are not named as parties in this lawsuit and have not been served. Second, the TRO request is inappropriate because the nature of Plaintiff's claim — alleged retaliation by prison employees — and the relief requested — a prison transfer — are unrelated to the lawsuit's claim that the circuit clerk of Crenshaw County failed to grant Plaintiff relief in his state-court lawsuit based upon the legal documents he mailed to her from DCF. *See Kaimowitz*

3

*v. Orlando, Fla.*, 122 F.3d 41, 43 (11th Cir.) (per curiam) ("A district court should not issue an injunction when the injunction in question is not of the same character, and deals with a matter lying wholly outside the issues in the suit."), *op. amended on reh'g*, 131 F.3d 950 (11th Cir. 1997) (per curiam). Third, Plaintiff does not seek a TRO to enjoin an illegal act of the named defendant but instead he requests a transfer to a different correctional facility. Even if Plaintiff had named an appropriate DCF official, "prisoners do not have a constitutional right to remain in or be transferred to a correctional institution of their own choosing." *Ray v. Ala. Pardon & Parole Bd.*, No. 2:08-CV-0089-MEF, 2008 WL 1836703, at *2 (M.D. Ala. Apr. 23, 2008) (denying an inmate's TRO motion for a prison transfer) (collecting cases). Fourth, Plaintiff has not demonstrated a substantial likelihood of success on the merits or, fifth, that the issuance of a TRO would serve the public interest. *See Tefel*, 180 F.3d at 1295.

Based on the foregoing, it is ORDERED that Plaintiff's *pro se* motion for temporary restraining order (Doc. # 6) is DENIED.

DONE this 19th day of September, 2018

                                            /s/ W. Keith Watkins
                                  CHIEF UNITED STATES DISTRICT JUDGE