IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| DARREN SMILEY, #186 951, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:18-CV-728-WKW |
| | ) | [WO] |
| JEANNIE GIBSON, | ) | |
| | ) | |
| Defendant. | ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

### I.  INTRODUCTION

This 42 U.S.C. § 1983 action is pending before the court on a complaint and amendment thereto filed by Darren Smiley, an inmate confined at the Donaldson Correctional Facility in Bessemer, Alabama.  Smiley names Jeannie Gibson, the Circuit Clerk for Crenshaw County, as the defendant. For relief, Smiley requests Gibson be directed to enter in his favor a request for a default judgment he filed a state court action and that he be compensated $100,000. Doc. 1.

Upon review, the court concludes that this case is due to be dismissed prior to service of process in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B).[1]

---

[1]   The court granted Smiley leave to proceed *in forma pauperis*.  Docs. 3. A prisoner allowed to proceed *in forma pauperis* will have his complaint screened under 28 U.S.C. § 1915(e)(2)(B).  This screening procedure requires the court to dismiss the complaint prior to service of process if it determines that the claims raised therein are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

## II. DISCUSSION

**A.     Circuit Clerk Jeannie Gibson**

Smiley complains Gibson breached a duty by failing to enter a default judgment in a district court case in which the opposing party had failed to defend the suit. According to the complaint, Smiley mailed his request for default judgment on July 18, 2018, to the Crenshaw County Clerk's Office, with postage paid, and Gibson failed to make entry of default "immediately after it had been served with the material." Doc. 1. In an amendment to the complaint, Smiley alleges Gibson did not give him notice that the pleading was not simple, concise, or direct and provided no notice that the state court denied the averments he made in his motion for default judgment. Smiley further alleges Gibson failed to notify him by mail "as to the date of the rendering of the demand of judgment by default" and made no recording of a motion made by the court setting aside the entry of default judgment. Doc. 8.

Smiley's claims against Gibson based on her alleged failure to file a motion in a state court case is barred by quasi-judicial immunity. Quasi-judicial immunity extends to those servants and agents who facilitate the judicial process. *Rodriguez v. Weprin*, 116 F.3d 62, 66 (2d Cir.1997) (extending judicial immunity to clerks of the court for tasks which are judicial in nature and an integral part of the judicial process or for administrative functions undertaken pursuant to explicit direction of a judicial officer or pursuant to established practice of the court); *Jenkins v. Clerk of Court, U.S. Dist. Court, So. Dist. of Fla.*, 150 Fed. App'x 988, 990 (11th Cir. 2005) ) (finding that a court clerk who acts under authority granted by state law and who acts on behalf of a court entitled to absolutely immune from damages liability when sued under § 1983 because she is performing a judicial function).  The conduct alleged by Smiley against Gibson falls within the scope of the Clerk of Court duties which are an integral part of the judicial process.  It is inherent

that "[c]ourt clerks enjoy a narrower ambit of immunity than judges." *Hyland v. Kolhage*, 267 Fed. App'x 836, 842 (11th Cir. 2008) (internal quotation marks and citation omitted).  However, as explained, "[n]onjudicial officials have absolute immunity for their duties that are integrally related to the judicial process." *Scott v. Dixon*, 720 F.2d 1542 (11th Cir. 1983); *see also Smith v. Erickson*, 884 F.2d 1108, 1111 (8th Cir. 1989) (holding that filing of documents by clerk is integral part of judicial process and protected by judicial immunity).

The action about which Smiley complains stems from the asserted failure of the Circuit Court Clerk for Crenshaw County to file his motion for default judgment. Whether or not to file a motion or enter a request for default judgment falls within the parameter of matters integral to the judicial process and are not solely an administrative function. Because "[these] actions constitute[] an integral part of the judicial process [] [Gibson's] actions are protected by judicial immunity." *Erazo v. Macon-Bibb County Juvenile Court, et al*., 2017 WL 1854687, *4 (M.D. Ga., May 8, 2017); *Essell v. Carter*, 450 Fed. App'x 691, 691 (9th Cir. 2011) (finding clerk of court immune from suit for failing to respond to *pro se* plaintiff's letters and failing to file various motions and appeals); *In re Castillo*, 297 F.3d 940, 951 (9th Cir. 2002) (finding clerk of court is immune from suit for failure to give notice of hearing); *Coulter v. Roddy*, 463 Fed. App'x. 610, 611 (9th Cir. 2012) (finding court clerk immune for allegedly directing deputy clerks to refuse to file forms presented by a *pro se* litigant seeking dismissal of a civil action). Further, even if the actions about which Smiley complains constitute negligence, a claim of negligence is not cognizable in a § 1983 action.  *See Daniels v. Williams*, 474 U.S. 327, 328 (1986).

To the extent Smiley's complaint is in the nature of a writ of mandamus, see 28 U.S.C. § 1361, the law is settled that federal district courts have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or one of its agencies

to perform a duty owed to a Smiley.  Federal courts, however, are without jurisdiction to issue writs compelling action by state courts and officials in the performance of their duties. *Davis v. Lansing*, 851 F.2d 72, 74 (2d Cir. 1988); *Russell v. Knight*, 488 F.2d 96, 97 (5th Cir. 1973); *Gurley v. Superior Court of Mecklenburg County*, 411 F.2d 586, 587 (4th Cir. 1969). Thus, this federal district court has no mandamus jurisdiction over the Defendant state employee and cannot compel her to act in performance of her job duties. For the foregoing reasons, the complaint against Defendant Gibson is subject to dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) & (iii). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

### III. CONCLUSION

Accordingly, it is the Recommendation of the Magistrate Judge that Plaintiff's complaint against Defendant Jeannie Gibson be DISMISED with prejudice prior to service of process under 28 U.S.C. § 1915(e)(2)(B)(i) & (iii).

It is further

 ORDERED that on or before **October 30, 2018**, Plaintiff may file an objection to the Recommendation.  Plaintiff must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made.  Frivolous, conclusive, or general objections to the Recommendation will not be considered.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of

plain error or manifest injustice.  11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

Done, this 16th day of October 2018.


        /s/ Wallace Capel, Jr.
CHIEF UNITED STATES MAGISTRATE JUDGE